UNITED STATES of America

v.

William McNeal WRIGHT.

Crim. No. 140–70–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Oct. 23, 1970.

Gilbert Davis, Asst. U. S. Atty., for plaintiff.

Robert E. McLaughlin, Vienna, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

OREN R. LEWIS, District Judge.

The defendant and his counsel stipulated in open court that he had previously been convicted of a felony and that he had in his possession on the date named in the indictment the firearm described therein; whereupon the Government rested its case—The defendant then moved for a judgment of acquittal on the ground that the Government had failed to introduce any evidence to prove that the firearm passed through or affected interstate commerce or that the defendant's conduct was part of or affected interstate commerce.

The defendant was charged with violating 18 U.S.C. App. § 1202. This section makes it a crime for any person who has been convicted of a felony to possess a firearm. Although the Court does not understand the defendant to question the constitutionality of the statute, if such be the case that question has been recently decided against him by the Fourth Circuit in United States v. Cabbler, 429 F.2d 577 (4 Cir., 1970).

Congress did, in 18 U.S.C. App. § 1201, find and declare that possession and/or transportation of firearms by felons * * * constitutes a burden on commerce or threat affecting the free flow of commerce—a threat to the safety of the President—an impediment or threat to the exercise of free speech, etc.—and a threat to the continued and effective operation of the government of the United States.

That declaration, however, does not require the Government to prove in every case brought under § 1202 that the prohibited possession was in fact "a burden on commerce or a threat affecting the free flow of commerce."

Proof of the previous felony conviction and the possession of the prohibited firearm by the defendant is enough. That was done here, and the defendant's motion for a judgment of acquittal will be denied; and

It is so ordered.